IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00387-REB-KMT

MILLER INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

SIDRAN, INC., a Texas corporation; and
TREVOR BRAZILE, an individual;

    Defendants.

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in any requested cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure

1

requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6.      Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7.      ESI and email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

8.      Each requesting party shall limit its ESI and email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve ESI and email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

9.      Each requesting party shall limit its ESI and email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests

for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve ESI and email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI and email production:

**A. General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format or in Portable Document Format ("PDF") format.

**B. Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-

searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**C. Footer**. Each document image shall contain a footer with a sequentially ascending production number.

**D. Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**E. No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**F. Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI or email is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI or email in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

DATED this 23rd day of May, 2013.

BY THE COURT:

United States Magistrate Judge

APPROVED:

By: s/ Patricia Y. Ho
Robert R. Brunelli
   *rbrunelli@sheridanross.com*
Sabrina C. Stavish
   *sstavish@sheridanross.com*
Patricia Y. Ho
   *pho@sheridanross.com*
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Telephone: 303/863-9700
Facsimile: 303/863-0223
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF

By: s/ James B. Powers
James B. Powers, Esq.
jpowers@hkjp.com
Jane Bendle Lucero, Esq.
jlucero@hkjp.com
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone:  720-875-9140
Fax:      720-875-9141
ATTORNEYS FOR DEFENDANT SIDRAN, INC.

By: <u>s/ Robyn Berger Averbach</u>
Robyn Berger Averbach
raverbach@lbbslaw.com
Lewis, Brisbois, Bisgaard & Smith, LLP
825 Logan Street
Denver, CO 80203
Direct Dial: 720-292-2007
Main: 303-861-7760
Fax: 303-861-7767
ATTORNEYS FOR DEFENDANT TREVOR BRAZILE

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lori R. Brown
Lori R. Brown
Assistant to Robert R. Brunelli/Todd P. Blakely
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:   303-863-9700
Facsimile:    303-863-0223
Email:          lbrown@sheridanross.com
                     litigation@sheridanross.com
