IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00387-REB-KMT

MILLER INTERNATIONAL, INC., a Colorado corporation,

     Plaintiff,

v.

SIDRAN, INC., a Texas corporation; and
TREVOR BRAZILE, an individual;

     Defendants.

---

### AGREED PROTECTIVE ORDER

---

Whereas pretrial discovery in this action shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of all parties and of non-parties from whom discovery may be sought;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, the following Stipulated Protective Order ("Order") shall govern the exchange of confidential information in this case:

**1.      Scope of Protection**

1.1     This Order shall govern any record of information, designated pursuant to ¶ 3 of this Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or United States District Court for the District of Colorado Local Rule or judge's individual practice or order, and any supplementary disclosures thereto.

**2.    Definitions**

2.1    "Confidential" information, as used herein, means any type or classification of information, so designated, that is nonpublic, proprietary, commercially or otherwise sensitive, or that falls within the term "trade secret."

**3.    Designations**

3.1    Each party may designate as CONFIDENTIAL any information furnished to the other party during discovery that is believed to contain Confidential information.

3.2    A designation of any information as CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall only be made if the designating party has a reasonable, good-faith belief that (a) such information contains Confidential information as defined herein, and (b) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm.

3.3    Any party may designate any item as CONFIDENTIAL - OUTSIDE COUNSEL ONLY by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, a notice identifying the item as CONFIDENTIAL - OUTSIDE COUNSEL ONLY.

**4.    Limit on Use and Disclosure of Designated Information**

4.1    Each party and all persons bound by the terms of this Order shall only use any information or document designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY

in connection with the prosecution or defense of this action, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise, except as permitted by this Order or by prior written agreement with counsel for the producing party.  Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Order to any person not authorized pursuant to this Order to receive such information or document.

4.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except as permitted by this Order or by prior written agreement with counsel for the producing party.

4.3    The attorneys of record for the parties and other persons receiving information governed by this Order shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**5.    Disclosure of Information Designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY**

Except as provided in ¶¶ 7, 14, 15, and 16, documents or information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY may be disclosed by the recipient to the following persons:

(a)     outside counsel for the parties, including other lawyers in their firms and their authorized secretarial, clerical and legal assistant staff who are actively engaged in assisting such counsel with the prosecution or defense of this action;

(b)     in-house counsel who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action;

(c)     consultants or experts and their staff, retained by the parties or their attorneys solely for purposes of this action, who first agree to be bound by the terms of this Order by executing a Confidentiality Undertaking in accordance with ¶ 7;

(d)     personal counsel authorized to practice law retained by a named party to this action to provide general advice to and consultation with the named party to this action;

(e)     the Court and Court personnel;

(f)     court reporters, videographers, and their respective staffs employed in connection with this action;

(g)     non-parties specifically retained to assist counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel); and

(h)     any insurance company indemnifying a named party to this action.

### 6.      Request to Disclose Designated Information

Any party may at any time request permission to disclose documents or information designated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY other than as

permitted by this Order by serving a written request upon counsel for the producing party.  Such request shall specifically identify the information sought to be disclosed, the manner in which it is to be disclosed, and the person to whom it is to be disclosed.  The producing party shall thereafter respond to the request in writing within five (5) business days of receipt of the written request.   A failure to respond within such time shall constitute a refusal.  If the requested permission is withheld, the parties shall negotiate in good faith concerning the request.  Where consent has been withheld and the party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party requesting disclosure.   The party requesting disclosure shall have the burden of persuading the Court that disclosure is appropriate under applicable rules.  Disclosure shall not be made until the Court has ruled on that relief or the parties otherwise mutually agree in writing.

### 7.    Agreement of Confidentiality

In no event shall any information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY be disclosed to any person authorized pursuant to ¶¶ 5(c) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Order. Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

**8.    Related Documents**

The restrictions contained herein on the use of information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall apply to any and all (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with ¶ 10.

**9.    Designation of Deposition Transcripts**

9.1    Any and all portions of deposition transcripts containing CONFIDENTIAL - OUTSIDE COUNSEL ONLY information may be designated as such either on the record during the deposition or by providing, within twenty-one (21) days following receipt of the official transcripts of the deposition to the reporter and all counsel of record, written notice of the specific pages and lines that contain Confidential information.

9.2    All deposition transcripts not previously designated shall be deemed to be and treated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY for a period of twenty-one (21) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to ¶ 5.

9.3    The designating party shall have the right, before the taking of testimony which the designating party designates as CONFIDENTIAL - OUTSIDE COUNSEL ONLY and subject to this Protective Order, to exclude from portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to ¶ 5.

**10.    Designation of Hearing Testimony or Argument**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information designated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.    Whenever CONFIDENTIAL - OUTSIDE COUNSEL ONLY information is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**11.    Other Protections**

11.1    Any party may mark any document or thing containing CONFIDENTIAL - OUTSIDE COUNSEL ONLY information as an exhibit to a deposition, hearing or other proceeding and examine the witness based on document, provided that the witness is qualified under the terms of this Order to have access to such designated materials.

**12.    Challenges to Confidentiality**

12.1     This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of

documents or other discovery materials as that party may consider appropriate.   Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Order; (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Order; or (c) applying for a further Protective Order modifying this Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.2   On any challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL - OUTSIDE COUNSEL ONLY information.   If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party that designated the information, the following procedure shall be utilized:

(a)   The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof by mail or by personal delivery specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)   If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery and receipt of the notice, then the party designating the challenged documents as CONFIDENTIAL – OUTSIDE COUNSEL ONLY has ten (10) business days to move for a protective order.   If the designating party does not move for a protective order within the allotted time, the challenged documents will no longer be considered

CONFIDENTIAL – OUTSIDE COUNSEL ONLY and will no longer be protected by the provisions of this Protective Order.

**13.     Inadvertent Failure to Designate or Inadvertent Disclosure**

13.1    A producing party or non-party that inadvertently fails to designate an item pursuant to this Order at the time of production may, within thirty (30) days of production of such an item, make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to the notice of mis-designation or failure to designate by the producing party shall return to counsel of record or destroy all copies of the mis-designated documents and shall honor, to the extent reasonably practicable, the provisions of this Order with respect to the use and disclosure of confidential information in the mis-designated documents.

13.2    Inadvertent production of documents subject to work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party shall notify the receiving party of such inadvertent production as soon as practicable after the first time the disclosing party learns of the inadvertent production.  Such inadvertently produced documents (and all copies, if any) shall be returned to the disclosing party, or destroyed and their destruction certified to the disclosing party, within three (3) business days after receiving the request or by a deadline agreed upon by the parties.  No use shall be made of such documents by the receiving party unless the receiving party successfully challenges the claims privilege on grounds other than

the inadvertent disclosure.  If the parties are unable to agree as to the application of any claim of privilege or immunity, either party may petition the Court for resolution.

13.3    Nothing in this Order shall preclude either party from petitioning the Court for return of later-discovered, inadvertently produced work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privileged documents.

### 14.    Disclosure to Author or Recipient

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing CONFIDENTIAL - OUTSIDE COUNSEL ONLY information to any person who appears from the face of the document to have drafted, prepared, executed, or received the document.

### 15.    Confidentiality of a Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.  Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, even if this information has been filed under seal by the opposing party.

### 16.    Prior or Public Knowledge

The restrictions contained in this Order shall not apply to information that is or was available to the public prior to disclosure or that is or was legitimately and independently acquired from a source not subject to this Order.

### 17.    Destruction or Return of Designated Information

Within sixty (60) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall destroy and certify destruction of, or assemble and return, all materials containing information designated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except (a) any documents or copies which contain, constitute or reflect attorney work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses, which may be retained by counsel subject to a continuing obligation to protect all such material pursuant to this Order.

### 18.    Privilege Logs

Pursuant to Fed. R. Civ. P. 26(b)(5)(A), any party that withholds documents or ESI based upon work-product immunity, attorney-client privilege, or common interest/joint defense privilege shall identify such documents and/or ESI in a privilege log.  This provision does not apply to documents or ESI generated after the filing of the Complaint.

**19.    Waiver or Termination of Order**

No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**20.    Modification of Order; Prior Agreements**

This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.  This Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Order.

It is so ORDERED, dated this 30th day of May, 2013.

BY THE COURT:

_____
United States Magistrate Judge

The parties, through counsel, stipulate to the entry of the foregoing Order:

APPROVED:


By:____s/ Patricia Y. Ho_____        By:____s/ Jane Bendle Lucero_____
Robert R. Brunelli                          James B. Powers, Esq.
rbrunelli@sheridanross.com                  jpowers@hkjp.com
Sabrina C. Stavish                          Jane Bendle Lucero, Esq.
sstavish@sheridanross.com                   jlucero@hkjp.com
Patricia Y. Ho                              HARRIS, KARSTAEDT, JAMISON & POWERS,
pho@sheridanross.com                        P.C.
SHERIDAN ROSS P.C.                          10333 E. Dry Creek Road, Suite 300
1560 Broadway, Suite 1200                   Englewood, Colorado 80112
Denver, CO 80202-5141                       Phone:  720-875-9140
Telephone: 303/863-9700                     Fax:    720-875-9141
Facsimile:  303/863-0223                    ATTORNEYS    FOR    DEFENDANT
litigation@sheridanross.com                 SIDRAN, INC.

ATTORNEYS FOR PLAINTIFF



                                            By:___s/ Robyn Berger Averbach_____
                                            Robyn Berger Averbach
                                            raverbach@lbbslaw.com
                                            Lewis, Brisbois, Bisgaard & Smith, LLP
                                            825 Logan Street
                                            Denver, CO 80203
                                            Direct Dial: 720-292-2007
                                            Main:    303-861-7760
                                            Fax:     303-861-7767
                                            ATTORNEYS    FOR    DEFENDANT
                                            TREVOR BRAZILE

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.

s/ Lori R. Brown
Lori R. Brown
Assistant to Robert R. Brunelli/Todd P. Blakely
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Telephone:   303-863-9700
Facsimile:   303-863-0223
Email:         lbrown@sheridanross.com
                   litigation@sheridanross.com

14

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00387-REB-KMT

MILLER INTERNATIONAL, INC., a Colorado corporation,

     Plaintiff,

v.

SIDRAN, INC., a Texas corporation; and
TREVOR BRAZILE, an individual;

     Defendants.

---

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

---

     I certify that I have received and read the Protective Order in this action and that I fully understand the terms of this Order.  I recognize that I am bound by the terms of this Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings involving the enforcement of this Order.  I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

     EXECUTED this _____ day of _____, 201_.

                            _____
                            [Name]

                            _____
                            [Signature]

                            _____
                            [Present Employer or Other Business
                            Affiliation]

                            _____
                            [Business Address]